# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **THE UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**NAVY CONTRACTORS, INC.,**<br><br>Defendant. | Civ. No. 22-02624 (KM) (JBC)<br><br>**ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

    This matter comes before the Court on the United States' unopposed motion for default judgment (DE 11) against defendant Navy Contractors, Inc. pursuant to Fed. R. Civ. P. 55(b). The Court has reviewed the complaint (DE 1), the United States' affidavit of service (DE 8), and its motion (DE 11) pursuant to Fed. R. Civ. P. 78.

    **IT APPEARING** that on May 4, 2022, the United States filed its complaint against Navy Contractors, Inc., alleging that the defendant owes it various sums as per the affixed Certificates of Indebtedness to the complaint (*See generally* Compl., DE 1; Certs. of Indebtedness, DE 1-2); and

    **IT FURTHER APPEARING** that the United States served a person it identifies as an "authorized representative" who also denied that the company existed at the address (Aff. of Service, DE 8);[1] and

---

[1] The United States' affidavit of service recounts that Jose Rojas served the defendant with a copy of the summons and complaint on September 29, 2022, at 12:18 p.m. at 11 Bernice Road, North Arlington, NJ 07031. (DE 8.) Mr. Rojas purportedly handed a copy of the summons and complaint to Lucas Braga, who Mr. Rojas identified as an "authorized agent." (*Id.*) Notably, however, Mr. Rojas declared, "As per Lucas Braga[,] company [sic] does not exist at the address. Served as a last known address." (*Id.*)

**IT FURTHER APPEARING** that on October 28, 2022, the Clerk entered default against Navy Contractors, Inc. for failing to answer or otherwise respond (Unnumbered Docket Entry following DE 9); and

**IT FURTHER APPEARING** that on March 21, 2023, the United States moved for default judgment, seeking the sums purportedly owed by the defendant, amounting to approximately $944,000 (DE 11); and

**IT FURTHER APPEARING** that before a court may enter default judgment against a defendant, it must (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages;[2] and

**IT FURTHER APPEARING** that a court must also evaluate (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default;[3] and

**IT FURTHER APPEARING** that the United States, although it seeks a damages award approaching $1 million, has failed to provide sufficient information for this Court to make the necessary findings;

---

[2] *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015); *United States v. Fridman*, No. 21-12090, 2022 WL 1541549, at *1-2 (D.N.J. May 16, 2022).

The United States does not allege the defendant's state of incorporation of principal place of business. (Compl. ¶ 2.) The Certifications of Indebtedness affixed to the complaint provide the same North Arlington address for the "debtor," *i.e.,* the defendant. (Certs. DE 1-2.) The debts appear to have stemmed from workplace safety violations under the Occupational Safety and Health Act of 1970 ("OSHA") and its regulations. (*Id.*) They arise from OSHA inspections at worksites located in New Jersey and Pennsylvania. (*Id.* p. 1 ("[D]ebtor's work site located at 2609 Rising Sun Rd, Schnecksville, PA 18078"); *Id.* p. 2 (violations occurred at "Forge Mills, Florence, NJ 08518.")). *See also id.* pp. 3, 4, and 7 (alleging workplace safety violations in New Jersey); *Id.* pp. 5 and 6 (alleging workplace safety violations in Pennsylvania).

[3] *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

**THEREFORE**, **IT IS on this 26th day of September 2023,**

**ORDERED THAT** the United States' motion for default judgment, DE 11, is **DENIED without prejudice**. The United States may refile the motion, addressing the deficiencies identified in this Order, and amending and re-serving the complaint as may be necessary, **within sixty (60) days**. Failure to do so may result in dismissal of the matter.

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**